UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20135-MOORE/Elfenbein

UNITED STATES OF AMERICA,

v.

MARIATOU BAH,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** is before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Mariatou Bah. Based upon the change of plea hearing conducted on July 31, 2024, this Court makes the following findings, and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, her attorneys, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

    2.    The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant pled guilty to the sole Count in the Superseding Information, which charges her with improper entry of an alien, in violation of 8 U.S.C. § 1325(a)(3). I advised Defendant that the maximum penalty the Court could impose for this misdemeanor offense is six months' imprisonment, followed by a term of supervised release of 1 year. In addition to any term of imprisonment, the Court may impose a fine of up to $5,000, and the Court will assess a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the potential for immigration consequences, including deportation. Defendant acknowledged that she understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate. Defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. The Parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that she had reviewed the entire agreement with counsel before she signed it. Defendant acknowledged that she is satisfied with her attorneys and that she has had a full opportunity to discuss all facets of her case with her attorneys. Defendant indicated that she has reviewed discovery with counsel.

6. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned specifically finds that Defendant's

waiver of her right to appeal her sentence in this case is knowing and voluntary.

7. Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered her guilty plea on the sole Count in the Superseding Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

8. During the hearing, Defendant waived her right to a full pre-sentence investigation report and instead requested to proceed for sentencing with an expedited pre-sentence investigation report. Accordingly, an expedited pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

The Parties will have **THREE (3) CALENDAR DAYS**[1] from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] At the change of plea hearing, counsel for the Defendant asked the Court to shorten the time period for objections to the Report and Recommendation in order to potentially expedite the date of the Defendant's sentencing. The Government had no objection to the Defendant's request. As a result, I have shortened the objections period to three business days. *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Entertainment, Inc. v. Diaz World Trade Group, Inc.*, No. 22-CV-23189, 2023 WL 2917752, *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period); *United States v. Leonard*, No. 18-CR-484, 2019 WL 4401264, *6, n. 3 (March 27, 2019) (giving the parties less than 14 days to file objections to the report and recommendation given the proximity of the trial date).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on August 2, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  The Honorable K. Michael Moore
     Counsel of record